# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

LUIS AZUCENA,

                              Plaintiff,

-against-

CAPITAL MANAGEMENT SERVICES, LP,

                              Defendant.

-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

**19-CV-04683 (AMD) (ST)**

**TISCIONE, United States Magistrate Judge:**

       On March 28, 2019, Luis Azucena ("Plaintiff") commenced this civil action against Capital Management Services, LP ("Defendant"), in the Supreme Court of the State of New York, County of Suffolk, by filing a Summons with Notice. Notice of Removal, ECF No. 1. No further proceedings before the State Court has occurred. *Id.*; *see* State Court Record, ECF No. 4. On August 14, 2019, Defendant removed the action to Federal Court. *See* Notice of Removal. Following the removal, Plaintiff never filed a Complaint in this Court, and there has not been any activity or appearance by Plaintiff or Plaintiff's Counsel on this docket. Accordingly, on November 13, 2019, the Court ordered Plaintiff to file a complaint pursuant to the Federal Rules of Civil Procedure 81(c)(2). *See* Docket Order (Nov. 13, 2019).

       To date, Plaintiff has failed to comply with this Court's order or otherwise communicate with the Court. Consequently, on April 7, 2020, Defendant filed a letter motion to dismiss this case for failure to prosecute. Def.'s Ltr. Mot. to Dismiss, ECF No. 6. Plaintiff has remained unresponsive.

# DISCUSSION

While dismissal for failure to prosecute is unquestionably a "harsh remedy" that should be limited to "extreme situations," it is axiomatic that a district court possesses the inherent power to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 576-75 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-01 (1962)). The Federal Rules of Civil Procedure provide that "if a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it" and the Court, in its discretion, may grant such a dismissal. Fed. R. Civ. P. 41(b); *see Link*, 370 U.S. at 633; *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).

The Second Circuit enumerated five principal factors a Court considering dismissal should follow:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 575 F.3d 248, 254 (2d Cir. 2004)). Generally, no one single factor is dispositive. *Id.*

First, this case was removed to Federal Court in August 2019, and thus far, Plaintiff has failed to file a complaint nor has Plaintiff otherwise prosecuted this action in any way. ECF No. 1. Although there is no fixed period of time during which a plaintiff's failure to prosecute becomes significant enough to warrant dismissal, delays of several months have been found to suffice. *E.g., Caussade v. United States*, 293 F.R.D. 625, 629-30 (S.D.N.Y. 2013). Plaintiff's lack of action has led this case to lay idle for a significant duration of over eight (8) months which weighs heavily in favor of dismissal.

The second factor was satisfied on November 13, 2019 when this Court ordered Plaintiff to file a complaint and further warned Plaintiff failure to comply may result in dismissal of the case. Docket Order, ECF No. 5. As to the third factor, Defendant will be prejudiced by further delays. Typically, a court examining this factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or there is a need to prove actual prejudice was suffered. *See id.* ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable. . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.") (internal quotation marks and citations omitted). Here, because the delay is due solely to Plaintiff's lack of action, there is a presumption that the lengthy delay of eight (8) months is prejudicial against Defendant, weighing in favor of dismissal.

Fourth, dismissing this case would aid the Court's effort to ease docket congestion. Of course, the Court "must not let its zeal for a tidy calendar overcome its duty to do justice." *Outley v. City of New York*, 837 F.2d 587, 589 (2d Cir. 1988) (internal quotation marks and citations omitted). However, in a case like this one, where Plaintiff is unresponsive, the Court should not hesitate to find that the need to alleviate docket congestion outweighs Plaintiff's right to be heard. Plaintiff "has shown little interest in prosecuting this case," as he has not moved to further prosecute in any way since the case was removed to Federal Court. *See Caussade*, 293 F.R.D. at 631. Therefore, this Court can only conclude that "[i]t is not an efficient use of the Court's or [D]efendants' resources to permit this case to languish on the docket in the hope that [P]laintiff will reappear in the future." *Davison v. Grillo*, 2006 WL 2228999, at *2 (E.D.N.Y. June 27, 2006), *adopted by*, 2006 WL 2228999 (E.D.N.Y. Aug. 3, 2006). Thus, this factor also weighs in favor of dismissal for failure to prosecute.

Finally, the fact that Plaintiff failed to comply with this Court's Order (Docket Order, Nov. 13, 2019) to file a Complaint and otherwise remains unresponsive further warrants dismissal. *See Caruso v Fin. Recovery Servs.*, No. 19-CV-4706 (JMA)(AKT), 2020 U.S. Dist. LEXIS 15954, at *3 (E.D.N.Y. Jan. 30, 2020) (dismissing case for failure to prosecute because Plaintiff failed to comply with Court Order to file a complaint or otherwise communicate with the Court); *Henderson v Capital Mgmt. Servs., L.P.*, No. 19-CV-3771(JMA)(AYS), 2020 U.S. Dist. LEXIS 6282, at *3 (E.D.N.Y. Jan. 14, 2020) (same).[1]

**CONCLUSION**

Here, all five factors weigh heavily in favor of dismissal for failure prosecute. Thus, I recommend that the instant action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Caussade*, 293 F.R.D. at 631-32 (dismissing with prejudice).

---

[1] Moreover, this Court has noted, on several occasions, that Plaintiff's Counsel Mitchell L. Pashkin, has "engaged in a pattern of abandoning cases" which further supports dismissal of the case for failure to prosecute. *See Caruso*, 2020 U.S. Dist. LEXIS 15954, n.1 ("[o]ver the past several weeks, the Court has had to dismiss eight cases brought by plaintiff's counsel for failure to prosecute."). Here too, Attorney Pashkin appears to have abandoned this case, and his inaction cements dismissal.

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                                        /s/
                                        Steven L. Tiscione
                                        United States Magistrate Judge
                                        Eastern District of New York

Dated: Brooklyn, New York
         April 10, 2020